IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Craig MASSEY,

    Plaintiff,　　　　　　　　No. 2:08-cv-01824-CTB

vs.

Mike KNOWLES, et al.,

    Defendant.

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER**

**BACKGROUND**

On August 6, 2008, Plaintiff Craig Massey filed a *pro se* complaint against prison official defendants and his own attorney, alleging denial of due process, cruel and unusual punishment, and ineffective assistance of counsel. An order reassigning the case to this visiting judge was returned as undeliverable on January 5, 2009. On February 3, 2010, this court ordered Plaintiff to show cause in writing why his complaint should not be dismissed for failure to keep the court apprised of his current address. The order was served by mail, and was returned to the court as undeliverable on February 16, 2010. Plaintiff has not responded to the court's order, or contacted the court at all since the order.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a case for failure to prosecute or failure to comply with a court order. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss *sua sponte* under Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with the rules of civil procedure or a court's orders). This court's Local Rules 110 and 183(a) recognize the same authority. *See*

E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local Rule 183(a) (stating that any individual representing himself *pro se* is bound by the Federal Rules and Local Rules, and that "[f]ailure to comply therewith may be ground for dismissal . . . .").

A court may dismiss a case, with prejudice, based on a party's failure to prosecute or failure to obey a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). In determining whether to dismiss a case for failure to prosecute or failure to comply with a court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260–61).

This court finds that dismissal of Plaintiff's case for failure to comply with the court's Order to Show Cause is appropriate. The first two factors clearly weigh in favor of dismissal. Plaintiff's failure to obey the court's order, or even contact the court at all about his pending case during the last three and a half years, demonstrates that Plaintiff has abandoned the case or is not interested in prosecuting it. The third factor also weighs in favor of dismissal: the defendants have been prevented from expeditiously resolving the case due to Plaintiff's noncompliance with this court's order. The fourth factor also supports dismissal. The Plaintiff has not shown any interest in prosecuting the case, and there is no way for this court to further contact plaintiff. This court is thus unaware of any "less drastic alternatives" other than dismissal. While public policy favors disposition of cases on the merits, dismissal is proper "where at least four factors support dismissal or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations and internal quotation marks omitted).

**CONCLUSION**

1  The court finds dismissal appropriate for failure to prosecute and for failure to comply
2  with the court's order.
3  Accordingly, the court ORDERS that:
4  1. Plaintiff's case is DISMISSED with prejudice pursuant to Federal Rule of Civil
5  Procedure 41(b), and Local Rules 110 and 183(a).
6  2. The Clerk of Court is directed to close this case.

8  DATED: July 9, 2012

9      /s/ Carlos T. Bea
    **Hon. Carlos T. Bea**
10     U.S. Court of Appeals for the Ninth
    Circuit, sitting by designation